UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LLOYD T. ELDER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00220-JPH-MJD |
| | ) | |
| KEISHA DOBSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Summary Judgment**

Plaintiff Lloyd Elder, an inmate at the Sullivan County Jail, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants disregarded his serious medical needs when he was incarcerated at the Knox County Jail. Specifically, he contends that defendant Nurse Keisha Dobson refused him care for his mental health and access to a handicap cell. He also alleges that defendant Nurse Laura Smith refused him medical care and gave him too much and the wrong medication. The defendants have raised the affirmative defense that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). For the following reasons below, the defendants' motion for summary judgment is denied.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

1

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

Inmates at the Knox County Jail have the right to file grievances regarding medical treatment. Dkt. 43-1 ¶ 7. The purpose of the offender grievance process is to provide an administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. *Id.* The grievance procedures at the Knox County Jail are noted in the Offender Handbook, available on the offender kiosks at the Knox County Jail. *Id.*

> The grievance process provides as follows regarding medical grievances:
>
> 1. The inmate initially submits grievance through a kiosk or handheld device. The communication will go to an appropriate email and provide a time stamp of the date the communication was sent. A Shift Sergeant or their designee will review and forward to the medical account.
>
> 2. The on-duty nurse will review the grievance and review the chart and check for complaints on the current issue and to see if the issue has already been addressed.
>
> 3. If the issue is a new complaint or the issue has progressed the on-duty nurse will request to see the offender to update the records and attempt a resolution.
>
> 4. The nurse will then document all medical grievances on a "Grievance and Response Log." A "Grievance Resolution Form" will be started to document all attempts to resolve the issue.

Dkt. 43-2 p. 2.

Alternatively, an inmate may submit a grievance as follows:

> 1. An inmate can request a hard copy grievance form from any officer.

>2. The form will be filled out by the inmate, to include all fields such as signature.
>
>3. As soon as the inmate completes the form it is to be given to a jail officer who is to record the date and time of collection and sign the form.

*Id.* p. 2. Successful exhaustion of the grievance procedure by an inmate includes accurately pursuing the grievance procedure, being sure to select "grievance" rather than "request" on the kiosk. Dkt. 43-1 ¶ 10.

### III. Discussion

The defendants seek summary judgment arguing that that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

**A. PLRA Requirements**

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

While a prisoner "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of

3

use, and 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Discussion

The defendants argue that Mr. Elder did not exhaust his available administrative remedies because he did not file medical grievances regarding his claims in this case. An affidavit from Sheriff Douglas Vantlin states that "Mr. Elder had not filed any medical grievances, either digitally or via paper form, prior to filing his Complaint in this matter on April 27, 2020." Dkt. 43-1 at 3 ¶ 11. In contrast, Mr. Elder has designated evidence that he submitted several grievances during the relevant timeframe, including some that appear to relate to his medical care. *See* dkt. 55-1. For example, Mr. Elder has designated an "Inmate Grievance Form" dated January 19, 2020 complaining about nurses who "can't do meds right," citing examples of incorrect medication distribution and unprofessional behavior. *Id.* at 18. He also designated other grievances requesting medical treatment during that period. *See id.* at 14 (Apr. 12, 2020 follow-up request for HIV test); *id.* at 23–24 (March 22, 2020 request for mental-health treatment). The defendants have not responded to this designated evidence. Because of these disputed fact issues, summary judgment is inappropriate.

### IV. Conclusion and Further Proceedings

The defendants' motion for summary judgment, dkt. [41] is **denied**. Mr. Elder's motions to identify fact, dkt. [36], dkt. [48], and dkt. [57], are **granted** to the extent that the motions have

been considered as part of the response to the motion for summary judgment. Mr. Elder's motions to suppress Sheriff Vantlin's affidavit, dkt. [51], and dkt. [56], are **denied**. Those motions identify factual disputes with Mr. Vantlin's affidavit, but do not otherwise show any evidentiary impropriety with the affidavit. Mr. Elder's "Motion of facts on grievance process of Knox County Jail," dkt. 61, is also **denied**. To the extent disputed facts identified therein may be relevant, they may be addressed in later proceedings.

Because the Court has identified disputed issues of material fact, this matter will proceed to an evidentiary hearing required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If Mr. Elder wishes to request that the Court attempt to recruit counsel to assist him with the hearing, he shall file a motion on the Court's form, which **the clerk shall include** with Mr. Elder's copy of this Order.

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
24 S. State Street
Sullivan, IN 47882

All Electronically Registered Counsel