UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LLOYD T. ELDER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-00220-JPH-MJD |
| | ) |
| KEISHA DOBSON, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING FURTHER PROCEEDINGS**

In his motion to acknowledge factors and subpoena, Plaintiff Lloyd Elder has renewed his request for assistance recruiting counsel. Dkt. 74. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These

1

questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has contacted multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.  But he should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff is competent to litigate this case on his own at this time. He understands the facts on which his claims are based and has been able to describe them to the Court. Dkt.1. He survived

summary judgment on the affirmative defense that he failed to exhaust his available administrative remedies before he filed this lawsuit. *See* dkt. 1, dkt. 62. This case has only recently moved to the merits and is in its early stages. While Plaintiff states that he needs counsel to assist him with discovery because of the complicated nature of the case and his medical conditions, he does not provide enough detail to allow the Court to determine that he cannot continue without counsel. Plaintiff is directed to the Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation, dkt. 71, which provides information about the discovery process.

Plaintiff's motion for assistance recruiting counsel, dkt. [74], is **denied without prejudice**.

Plaintiff notes in the motion that the defendants have not responded to his settlement demand. He also states that he has not received a response to a subpoena he served. The defendants are **directed** to respond to his settlement demand by **October 21, 2021**. Further, if Plaintiff wishes to seek Court involvement in a subpoena that has been served, he must first attempt to resolve his discovery dispute informally and then may file a motion to compel as explained in the Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation.

**SO ORDERED.**

Date: 10/6/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

LLOYD T. ELDER, SR.
SULLIVAN COUNTY JAIL
24 S. State Street
Sullivan, IN 47882

All Electronically Registered Counsel